UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENEVA K. CROSE, | CASE NO. 12-cv-5590-BHS-JRC |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,[1] | Noting Date: January 10, 2014 |
| Defendant. | |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 16, 17, 18).

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

After considering and reviewing the record, the Court finds that the ALJ failed to evaluate properly the medical evidence. Specifically, the ALJ's finding that the medical opinion from examining doctor, Dr. Borisovskaya, that plaintiff "certainly would have trouble dealing with stress encountered in the competitive workplace" is "inconsistent with the daily activities described above" is neither specific and legitimate, nor based on substantial evidence in the record as a whole.

BACKGROUND

Plaintiff, GENEVA K. CROSE, was born in February, 1981 and was twenty-five years old on the alleged date of disability onset of September 11, 2006 (*see* Tr. 26, 49). Plaintiff has completed twelve years of education (*see id.*).

Plaintiff testified regarding her work for Hardees, Walmart and Fred Meyer doing "photo tech and developing rolls of film and cashiering and doing customer service of returns" (*see* Tr. 49). She testified at her administrative hearing that she left her last relevant employment on September 11, 2006, because she was "having too much of the numbing pain and in and out of the ER to find out that I needed another surgery for my hysterectomy" (*see id.*). Although she recovered from that surgery, she testified that she only lasted for three weeks at her next job before she injured her shoulder (*see* Tr. 49-50). Plaintiff testified that after she recovered from her shoulder injury she "started having more abdominal pain to where they have diagnosed me with IBS (irritable bowel syndrome)" (Tr. 50).

Plaintiff has at least the severe impairments of "mild scoliosis and facet sclerosis of the lumbar spine; history of left shoulder labral tear, status post surgery; history of

right knee arthroscopy; asthma; irritable bowel syndrome; history of endometriosis and squamous cell dysplasia of the cervix, status post hysterectomy; obesity; depression; post traumatic stress disorder (PTSD) (20 C.F.R. § 404.1520(c) and 416.920(c))" (*see* Tr. 28).

At the time of the hearing, plaintiff no longer was living with her ex-fiancé, and was living with a married couple, with whom she is friends, and their two children (Tr. 50-51).

PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and an application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act in November, 2007 (*see* Tr. 26, 47). The applications were denied initially and following reconsideration in March and August of 2008, respectively (*see* Tr. 26, 47). Plaintiff's requested hearing was held before Administrative Law Judge M.J. Adams ("the ALJ") on June 8, 2010 (*see* Tr. 45-63). On July 29, 2010, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 23-44).

On May 02, 2102, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-8). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2012 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on December 12, 2012 (*see* ECF Nos. 9, 10, 11).

1    In plaintiff's Opening Brief, plaintiff raises the following issues: (1) whether or

2    not the ALJ evaluated properly the medical evidence; (2) whether or not the ALJ

3    evaluated properly plaintiff's credibility; (3) whether or not the ALJ evaluated properly

4    plaintiff's RFC; and (4) whether or not the ALJ erred by basing his step four finding on a

5    RFC assessment that did not include all of plaintiff's alleged limitations (*see* ECF No. 16,

6    p. 1).

7                        STANDARD OF REVIEW

8    Plaintiff bears the burden of proving disability within the meaning of the Social

9    Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on

10   the fifth and final step of the sequential disability evaluation process. *See Bowen v.*

11   *Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to

12   engage in any substantial gainful activity" due to a physical or mental impairment "which

13   can be expected to result in death or which has lasted, or can be expected to last for a

14   continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A),

15   1382c(a)(3)(A).  A claimant is disabled pursuant to the Act only if claimant's

16   impairment(s) are of such severity that claimant is unable to do previous work, and

17   cannot, considering the claimant's age, education, and work experience, engage in any

18   other substantial gainful activity existing in the national economy. 42 U.S.C. §§

19   423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.

20   1999).

21   Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

22   denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency")

1  (*citing Chenery Corp, supra*, 332 U.S. at 196). In the context of social security appeals,

2  legal errors committed by the ALJ may be considered harmless where the error is

3  irrelevant to the ultimate disability conclusion when considering the record as a whole.

4  *Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*,

5  556 U.S. 396, 407 (2009).

6  DISCUSSION

7     1.  **Whether or not the ALJ evaluated the medical evidence properly**.

8       Here, the ALJ failed to credit fully medical evidence from many of plaintiff's

9

10  examining doctors. Discussed first herein is the rejection of opinions from plaintiff's

11  examining doctors, Drs. Borisovskaya and Dr. Neims.

12       The ALJ must provide "clear and convincing" reasons for rejecting the

13  uncontradicted opinion of either a treating or examining physician or psychologist.

14  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d

15  418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a

16  treating or examining physician's opinion is contradicted, that opinion can be rejected

17  only "for specific and legitimate reasons that are supported by substantial evidence in the

18  record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043

19  (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

20  accomplish this by "setting out a detailed and thorough summary of the facts and

21  conflicting clinical evidence, stating his interpretation thereof, and making findings."

22  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881

23  F.2d 747, 751 (9th Cir. 1989)).

24

1    In addition, the ALJ must explain why her own interpretations, rather than those of

2    the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849

3    F.2d 418, 421-22 (9th Cir. 1988)). But, the Commissioner "may not reject 'significant

4    probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th

5    Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting*

6    *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision

7    must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

8    A.  Dr. Anna Borisovskaya, M.D., examining physician

9    In March, 2008, Dr. Borisovskaya examined plaintiff and opined regarding

10   plaintiff's ability to work (*see* Tr. 518-24). Plaintiff contends that specific and legitimate

11   reasons were not provided by the ALJ to the extent that Dr. Borisovskaya's opinions are

12   rejected in the ALJ's written decision.

13   The ALJ included the following discussion regarding plaintiff's examination by

14   Dr. Borisovskaya and the weight given to the doctor's opinion:

15   Consulting psychiatrist Anna Borisovskaya MD examined the claimant
     in March of 2008 and gave the following functional assessment (13F):

16   The claimant demonstrates the ability to perform simple and
     repetitive tasks. She is clearly an anxious person and may easily
17   become overwhelmed by tasks that are difficult. She would
     benefit from additional supervision and from detailed and
18   written instructions. She would have no trouble accepting
     instructions from supervisors. She would be fine interacting
19   with coworkers and the public, although she still may have
     some hypervigilance.  She may not be able to perform work
20   activity on a consistent basis without interruption from mental
     symptoms, however she currently is able to function well
21   enough to take care of two children on an everyday basis. So I
     feel she may be able to return to work on a part-time basis. She

> certainly would have trouble dealing with stress encountered in the competitive workplace.
>
> Dr. Borisovskaya's opinion regarding the claimant's social limitations is well supported with clinical findings, and is consistent with the medical record as a whole. However, her conclusion regarding the claimant's cognitive limitations is inconsistent with the claimant's overall performance on mental status exam, and with daily activities such as playing pool for up to 9 hours per day. In addition, her opinion regarding the claimant's adaptive limitations is inconsistent with the daily activities described above. For these reasons, the undersigned gives Dr. Borisovskaya's opinion some, but not great weight.

(Tr. 35).

First, the Court notes the ALJ's finding that Dr. Borisovskaya's "conclusion regarding the claimant's cognitive limitations is inconsistent with the claimant's overall performance on mental status exam, and with daily activities such as playing pool for up to 9 hours per day" (*see id.*). The ALJ failed to explain how playing pool for nine hours demonstrates an ability to perform work activity on a consistent, full-time basis, without interruptions from mental symptoms. The ALJ likewise has not explained how playing pool for nine hours a day is transferable to a work setting, or how such activity reveals an ability to deal consistently with a competitive work environment. Therefore, this reason is not a specific and legitimate reason supported by substantial evidence in the record as a whole to disregard the opinion from examining doctor, Dr. Borisovskaya, that plaintiff was not mentally capable of dealing consistently in a competitive work environment but "may be able to return to work on a part-time basis" (*see* Tr. 523).

Similarly, the ALJ fails to credit fully Dr. Borisovskaya's opinion that plaintiff "certainly would have trouble dealing with the stress encountered in the competitive

workplace" (Tr. 524). The ALJ found that this opinion from Dr. Borisovskaya "is inconsistent with the daily activities described above" (*see* Tr. 35). Although this in of itself is not very specific, the ALJ previously had included the following discussion regarding plaintiff's activities of daily living:

> Further, the claimant has described daily activities that are not limited to the extent one would expect, given the report of disabling symptoms. The claimant has reported that she handles her own cooking, cleaning, and shopping; has no difficulties with self-care; and handles her own finances (5F5). In addition, she has reported that she is active around home and in the community caring for two children (33Fl). She has reported that on a typical day, she takes her boyfriend's daughter to school, feeds her, comes home and cleans, does laundry, cares for the pets, and helps her boyfriend's daughter with homework (13F5). In March of 2008, she reported she previously gave up custody of her own young daughter due to depression, but was pursuing custody again because she was better (13F). In September of 2008, she requested a letter from her therapist indicating that she is a fit parent for custody purposes (31F41).

> In addition, mental health treatment notes show intact daily activities in spite of some noncompliance with mental health treatment. Upon examination in July of 2007, the claimant reported that Zoloft gave her her "energy and life back"(42F2). In August of 2008, the claimant spent 5 days on a boat on Lake Washington watching hydro boat races, had a good time, socialized, and made new friends; she reported she ran out of medications because she stayed on the boat 2 days longer than anticipated (31F52). Notes from June of 2009 indicate multiple missed appointments, but also indicate that the claimant applied for a part-time job at a tanning salon and reported that she was practicing billiards for 8-9 hours per day (31F11). In May of 2009, she discussed with her counselor the fact that she was probably able to work part-time or volunteer, even though she wanted to sit home and take care of kids (31Fl2). Cheri Rolman, one of the claimant's counselors, noted that the claimant appeared stable emotionally with medications and appeared mentally to be able to handle a low-stress job *(Id.)*. She noted that when told this, the claimant, "use[d] scoliosis as an excuse with a 25-pound self-defined weight limitation … [she] reports going 4-wheel driving off road with lots of bumps and pot holes Monday and shows no sign or complaint of pain"(31F12). In January of 2009, the claimant reported

1
2
3

that she interacts with others by texting, and using MySpace and
Facebook (31F23). She appeared stable and cooperative *(Id.)*. She
reported that she had not been taking her medications as prescribed due
to "adult parties" and some alcohol consumption *(id.)*.

4

(Tr. 34-35).

5

6

7

8

9

10

11

12

13

14

The ALJ failed to explain how Dr. Borisovskaya's opinion was inconsistent with
plaintiff's reported activities of daily living (*see* Tr. 35). Although plaintiff demonstrated
willingness to subject herself to physical activities potentially inconsistent with her
physical complaints, it is unclear from a review of the relevant record how the doctor's
opinion is sufficiently inconsistent with plaintiff's activities of daily living to justify a
rejection of the specific functional opinions that Dr. Borisovskaya provided. Furthermore,
from a review of the relevant record, there does not appear to be any activities of daily
living reported by plaintiff that demonstrate an ability to deal "with the stress
encountered in the competitive workplace" (Tr. 35, 524).

15

16

17

18

19

20

21

22

23

For these reasons, and based on the relevant record, the Court concludes that the
ALJ failed to provide specific and legitimate reasons for his failure to credit fully Dr.
Borisovskaya's opinion and thus, erred in his review of this opinion. Furthermore, the
Court concludes that this error is not a harmless error, as crediting fully Dr.
Borisovskaya's opinions likely would lead to a more restrictive RFC and perhaps a
finding of disability. Therefore, based on the relevant record and the ALJ's review of the
medical opinion evidence offered by Dr. Borisovskaya, the Court concludes that this
matter should be reversed and remanded to the Administration for further evaluation.

24

B.  Dr. Daniel Neims, Ph.D., examining psychologist

1       The ALJ likewise failed to credit the opinion regarding mental limitations from

2  Dr. Neims, who examined plaintiff in January, 2010 (*see* Tr. 666-75). The ALJ included

3  the following in his written decision:

> In a January 2010 Department of Social and Health Services (DSHS) mental assessment, consulting psychologist Daniel Neims Psy.D opined no to moderate cognitive limitations, with a marked limitation in judgment; and no to moderate social limitations (29F). He noted that the claimant does not appear to be disabled due to psychological factors, since reported that she worked up until alleged physical injuries intruded. He further noted that prominent negative impression management and careful wariness of information suggested the need to review all of the claimant's background data. Dr. Neims's opinion is well supported with clinical findings and adequately considers the claimant's reasons for leaving her past work. However, his conclusion regarding marked limitations in judgment is somewhat inconsistent with the claimant's daily activities. The undersigned gives his opinion some, but not great weight.

(Tr. 36).

       Similar to his treatment of the opinion of Dr. Borisovskaya, the ALJ found that much of Dr. Neims' opinion was appropriate and supported by the record, yet failed to credit a particular opinion that likely would render plaintiff disabled (*see* Tr. 35, 36). The ALJ found that "Dr. Neims's opinion is well supported with clinical findings and adequately considers the claimant's reasons for leaving her past work[;] [h]owever, his conclusion regarding marked limitations in judgment is somewhat inconsistent with the claimant's daily activities" (Tr. 36).

       The Court first concludes that the ALJ's finding that Dr. Neims' opinion "is somewhat inconsistent with the claimant's daily activities" is not a sufficiently specific finding adequate to support a failure to credit fully an examining doctor's opinion (Tr.

36). Furthermore, the Court concludes that the ALJ's reference to plaintiff's activities of daily living does not demonstrate an inconsistency with Dr. Neims' opinion regarding marked limitations in judgment. In fact, the ALJ's reference to plaintiff's "report that she had not been taking her medications as prescribed due to 'adult parties' and some alcohol consumption" appears very consistent with Dr. Neims' opinion that plaintiff suffered from marked limitation in her ability "to exercise judgment and make decisions" (*see* Tr. 34-35; 668).

For these reasons, and based on the relevant record, the Court concludes that the ALJ failed to provide specific and legitimate reasons for his failure to credit fully Dr. Neims' opinions and thus, erred in his review of this opinion as well as erring in his review of the opinion of Dr. Borisovskaya. Furthermore, the Court concludes that this error too, is not a harmless error, as crediting fully Dr. Neims' opinions also likely would lead to a more restrictive RFC and perhaps a finding of disability. Therefore, based on the relevant record, and the ALJ's review of the medical opinion evidence offered by Dr. Neims, the Court concludes that this matter should be reversed and remanded to the Administration for further evaluation.

C.  Dr. Sharon Grayson, M.D., treating physician

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*,

80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12. However, "'[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted.'" *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In addition, "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. *Morgan, supra,* 169 F.3d at 602 (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (*citing Brawner v. Sec. HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))). However, like all findings by the ALJ, a finding that a doctor's opinion is based largely on a claimant's own accounts of his symptoms and limitations must be based on substantial evidence in the record as a whole. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected

only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (*citing Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

1    Despite the deferential standard afforded to treating physicians, the ALJ provided

2  a very sparse discussion of his reasons for failing to credit fully the opinion from treating

3  physician, Dr. Sharon Grayson, M.D.:

4          In a December 2007 DSHS physical assessment, Sharon Grayson MD,
            who treated the claimant, opined a sedentary exertional level (11F).
5          This opinion is inconsistent with the objective medical evidence, the
            evidence of improvement of physical symptoms with treatment, and the
6          claimant's daily activities. The undersigned gives this assessment little
            weight.
7

8  (Tr. 37; *see also* Tr. 484-89).

9    These reasons do not appear to be very specific. Although defendant, in the

10  Responsive Brief, provides additional explanations and reasons as to why Dr. Grayson's

11  opinion was disregarded properly (and as to why the opinions of Drs. Neims and

12  Borisovskaya were disregarded properly), according to the Ninth Circuit, "[l]ong-

13  standing principles of administrative law require us to review the ALJ's decision based

14  on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations

15  that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of

16  SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S.

17  194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121

18  (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied

19  on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

20

21    The ALJ failed to explain what aspects of his two paragraph discussion of

22  plaintiff's activities of daily living he found to be inconsistent with any of the specific

23

24

1  opinions regarding plaintiff's functional limitations from Drs. Borisovskaya, Neims, or

2  Grayson.

3       Because of the errors discussed above in the ALJ's evaluation of the medical

4  evidence and as concluded above, the Court concludes herein that this matter should be

5  reversed and remanded to the Administration for further consideration. For this reason,

6  the Court will not discuss plaintiff's remaining arguments regarding the medical

7  evidence, and concludes that all of the medical evidence should be evaluated anew

8  following remand of this matter.

9       2.  **Whether or not the ALJ evaluated properly plaintiff's credibility**.

10      The Court already has concluded that the ALJ erred in reviewing the medical

11 evidence and that this matter should be reversed and remanded for further consideration,

12 *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part

13 on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for

14 this reason, plaintiff's credibility should be assessed anew following remand of this

15 matter.

16      3.  **Whether or not the ALJ evaluated properly plaintiff's residual functional**
        **capacity ("RFC") and whether or not the ALJ erred by basing his step**
17      **four finding on a RFC assessment that did not include all of plaintiff's**
        **alleged limitations**.

18      Similarly, plaintiff's RFC should be determined anew subsequent to a proper

19 evaluation of the medical evidence. In addition, the remainder of the five-step sequential

20 disability evaluation process, including step four, should be completed anew as

necessary, following remand of this matter and further evaluation of the medical

evidence.

    4.  **Whether this matter should be reversed and remanded for further proceedings or for a direction to award benefits**.

Generally when the Social Security Administration does not determine a

claimant's application properly, "'the proper course, except in rare circumstances, is

to remand to the agency for additional investigation or explanation.'" *Benecke v.*

*Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth

Circuit has put forth a "test for determining when [improperly rejected] evidence

should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292

(9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. In

addition, new evidence was submitted to the Appeals Council that should be evaluated

fully. Furthermore, the decision whether to remand a case for additional evidence or

simply to award benefits is within the discretion of the court.  *Swenson v. Sullivan*, 876

F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399

(9th Cir. 1988)).

1  The ALJ is responsible for determining credibility and resolving ambiguities and

2  conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

3  (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). If the medical evidence

4  in the record is not conclusive, sole responsibility for resolving conflicting testimony and

5  questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

6  Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing*

7  *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

8  For the reasons stated and based on the relevant record, the Court concludes that

9  this matter should be remanded for further evaluation of the medical evidence, including

10  the new evidence presented for the first time to the Appeals Council.

11

12

13

14  <u>CONCLUSION</u>

15  Based on the stated reasons and the relevant record, the undersigned recommends

16  that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42

17  U.S.C. § 405(g) to the Commissioner for further consideration. **JUDGMENT** should be

18  for **PLAINTIFF** and the case should be closed.

19  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

20  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.

21  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

22  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

23

24

1    Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2    matter for consideration on January 10, 2014, as noted in the caption.

3         Dated this 19th day of December, 2013.

4

5

6    J. Richard Creatura
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 19